IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT E. DAVIS, JR.,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 2:22-cv-08031-KOB |
| | )              2:16-cr-34-KOB-HNJ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

Pursuant to a plea agreement, Albert E. Davis, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on March 15, 2016, and the court sentenced him as an armed career criminal to the mandatory minimum sentence of 180 months imprisonment on December 13, 2016. (Cr. Docs. 8 & 26).[1] This case is now before the court on Davis's *pro se* amended motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, the Government's response in opposition, and Davis's reply. (Cv. Docs. 5, 7, 9, & 10).[2]

Davis raises one ground challenging his conviction and sentence based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held

---

[1] Documents from Davis's criminal trial, case number 2:16-cr-34-KOB-HNJ, are designated "Cr. Doc. ___."
Documents from Davis's § 2255 action, case number 2:22-cv-8031-KOB, are designated "Cv. Doc. ___."

[2] For background, Davis filed a motion for compassionate release in his criminal case that the court denied. But the court construed Davis's *Rehaif* claim within that compassionate release motion as one filed under 28 U.S.C. § 2255; ordered the Clerk to refile that motion in a separate § 2255 case; and ordered Davis to file an amended motion to vacate that included only the *Rehaif* claim. *See* (Cr. Docs. 32 & 38). Thus, this civil habeas case was born.

1

that § 922(g) requires that a defendant know of his status as a felon at the time he possessed a firearm. *See* (Cv. Docs. 5, 9, & 10). Prior to *Rehaif*, the Eleventh Circuit interpreted the "knowingly" language in § 922(g) to "mean that a defendant could be convicted if he knew he possessed a firearm." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). But the Supreme Court "clarified in *Rehaif* that a defendant must know *both* that he possessed a firearm and that he had been convicted of a crime punishable by imprisonment for more than a year to violate section 922(g)(1)." *Innocent*, 977 F.3d at 1082 (citing *Rehaif*, 139 S. Ct. at 2194) (emphasis added). And the Eleventh Circuit had held that *Rehaif* applies retroactively on collateral appeal. *See Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022).

Davis argues that his pre-*Rehaif* Indictment does not "contain the critical element that he knew of his prohibited status of possessing a firearm," and that the court must dismiss the Indictment because of this crucial missing element. (Cv. Doc. 5 at 5-6 & Doc. 9 at 1). Davis also argues that his paranoid schizophrenia, post-traumatic stress disorder, and depression "prevented him from fully understanding the ramifications of his felon status" and prevented him from "fully understanding the government's obligation to prove that he knew he was in a class of people that were prohibited from possessing a firearm." (Cv. Doc. 10 at 2).[3] Davis asserts that he "did not know [he] was prohibited from possessing a firearm." (Cv. Doc. 9 at 1). He claims that if he had known that the "government had to

---

[3] The Government argues that these Fifth Amendment claims regarding Davis's lack of knowledge regarding his plea are beyond the scope of the court's order allowing only claims based on *Rehaif*. (Doc. 7 at 3, fn 2). But, as the court will explain in its discussion section, it considers these arguments as pertaining to whether Davis can overcome the procedural default of the *Rehaif* claim and show either cause and actual prejudice or actual innocence. To the extent that any of Davis's claims are beyond the scope of a *Rehaif* claim, they are untimely under 28 U.S.C. § 2255(f)(1). *See* (Doc. Cr. Doc. 38 at 9-10) (the court previously explained that any habeas claims other than those based on *Rehaif* were untimely under 28 U.S.C. § 2255(f)(1)).

prove that [he] was prohibited from possessing a firearm, he would have gone to trial." (Cv. Doc. 10 at 1).

Interestingly, Davis asks the court to "correct his conviction/sentence" but also states that, although his ground is based on *Rehaif*, "he only wishes to have his sentence reduced to [a] term between 96 and 120 months." He indicates that he is willing to withdraw his request pursuant to § 2255 "in exchange for the government's agreement to a reduction in sentence," which he claims would save the court and the Government time and resources. (Cv. Doc. 5 at 1). Davis also requests appointment of counsel and an evidentiary hearing "to present expert testimony regarding his paranoid schizophrenia." (Cv. Doc. 9 at 5).

The Government argues that Davis's *Rehaif* ground is procedurally defaulted because he did not raise it on direct appeal and that no exceptions to that doctrine apply in this case. (Cv. Doc. 7 at 5-7). Davis argues that his *Rehaif* claim is not procedurally defaulted, but if it is, the court should "consider the miscarriage of justice that would result in the dismissal of his [habeas] motion." (Cv. Doc. 9 at 4).

After reviewing Davis's amended motion to vacate and all the filings in this case, the court finds that his habeas claim based on *Rehaif* is procedurally defaulted and no exceptions to that doctrine apply, that no evidentiary hearing is warranted, and that Davis is not entitled to appointment of counsel. Accordingly, for the reasons below, the court will **DENY** Davis's motion to vacate.

I.      BACKGROUND

On June 4, 2015, around 1:30 a.m., Birmingham Police Department officers

investigated a "suspicious person" call that involved allegations that three black males were trying to break into the caller's car. During the investigation, Officers encountered Davis, whose clothing matched the caller's description of one of the black males breaking into the car. After Davis admitted to the officers that he had a gun, officers ordered him to the ground, handcuffed him, and removed a gun from Davis's left rear pocket. The gun, which had reported stolen on November 6, 2014, was loaded with one chambered round, and had eight additional rounds in the magazine. (Cr. Doc. 8 at 3).

While secured in the patrol car, Davis asked the officer if Davis was going to jail, "stated that he was on parole for First Degree Robbery," and told the officers that he only carried the gun for protection and did not want to go to jail. (Cr. Doc. 8 at 4). After waiving his rights under *Miranda*, Davis admitted that he bought the gun for $200.00 from his 18-year-old neighbor "Ray Ray," that others had told Davis that the gun might be stolen, and that he knew "Ray Ray" committed burglaries and had broken into a neighbor's residence. But Davis denied breaking into anyone's car that morning. (Cr. Doc. 8 at 4-5).

A federal grand jury indicted Davis on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Indictment specifically charged that, at the time of the incident, Davis previously had been convicted in Alabama of two counts of second degree robbery, one count of first degree robbery, and one count of shooting into an occupied building—all of which were crimes punishable by imprisonment for a term exceeding one year; that Davis knowingly possessed a Bersa .380 caliber pistol after those felony convictions; and that he possessed the firearm in and affecting commerce. (Cr. Doc. 1 at 1-2).

Pursuant to a negotiated plea agreement, Davis pled guilty to being a felon in possession of a firearm. (Cr. Doc. 8). The Probation Office's Presentence Investigation Report includes details of Davis's prior Alabama felony convictions, including that the state court sentenced Davis to 15 years imprisonment for the two second degree robbery convictions, 25 years imprisonment for his first-degree robbery conviction, and 15 years imprisonment for his shooting into an occupied building conviction. (Cr. Doc. 24 at 9-12). The PSR also indicates that Davis spent almost nine years in prison on these convictions until his state parole on September 13, 2010. (Cr. Doc. 24 at 9-12). The PSR stated that Davis's prior Alabama felony convictions qualified him as both a career offender under U.S.S.G. § 2K2.1(a)(2) and an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(B). (Cr. Doc. 24 at 7-8).

Davis filed objections to the PSR demanding proof that his sentence was subject to enhancement under the ACCA and arguing that application of the ACCA in this case would violate the Eighth Amendment's prohibition against cruel and unusual punishment because of Davis's mental disabilities. (Cr. Doc 12 & 13). Davis included as an attachment to his Sentencing Memorandum a psychological evaluation by Dr. Barbara Nissenbaum, in which she notes that Davis stated as the reason for the evaluation: "'They charged me for having a gun. I'm a convicted felon and I'm not supposed to have a gun." (Sealed Cr. Doc. 13-2).

At sentencing, the Government offered into evidence certified copies of three state court case action summaries evidencing that David had been convicted of three robbery offenses that qualified as predicate offenses under the ACCA. Davis did not object to the admission of those documents into evidence. (Sealed Cr. Doc. 18 at 3). Both Davis and the

Government submitted supplemental briefs regarding whether the court could consider Davis's mental disabilities in determining an appropriate sentence when the ACCA dictates a mandatory minimum sentence. (Cr. Docs. 18 & 21). Having no grounds to deviate from the mandatory minimum, the court overruled Davis's objections to the PSR and sentenced Mr. Davis on December 13, 2016 as an armed career criminal to the statutory mandatory minimum of 180 months imprisonment. (Cr. Doc. 26). Davis filed no appeal.

The Federal Board of Prison's website indicates that Davis is currently house at FCI Talladega, with an expected release date on September 11, 2029. So, this habeas matter is ripe for resolution.

## II. DISCUSSION

Davis argues that the Government failed to include in his 2016 pre-*Rehaif* Indictment the element of his knowledge of his status as a person barred from possessing a firearm, as now required by the Supreme Court's decision in *Rehaif* in 2019. Davis claims that he "did not know [he] was prohibited from possessing a firearm" and would not have pled guilty had he known that the "government had to prove that [he] was prohibited from possessing a firearm." (Cv. Doc. 9 at 1 & Doc. 10 at 1). The Government argues that this *Rehaif* claim is procedurally defaulted because Davis did not previously raise it on direct appeal and that no exception to the procedural default rule applies in this case. This court agrees.

In the context of a *Rehaif* claim on collateral review, the Government's failure to include the element of knowledge of the status as a felon in the Indictment is not jurisdictional and the procedural default rule applies. See *Carlyle v. United States*, 836 F.

App'x 780 (11th Cir. 2020) (holding that a *Rehaif* defect is not jurisdictional and applying the procedural default rule to a *Rehaif* claim in a § 2255 motion based on an alleged involuntary guilty plea). Generally, unless a defendant challenges a criminal conviction or sentence on direct appeal, he is procedurally defaulted from raising that issue in a § 2255 proceeding. *Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022); *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021). To overcome this procedural default, Davis must "(1) show cause to excuse the default *and* actual prejudice from the claimed error," or (2) show a "miscarriage of justice, or actual innocence." *See Seabrooks*, 32 F.4th at 1384; *Granda*, 990 F.3d at 1286.

Here, Davis did not claim ignorance of his status as a convicted felon or argue that § 922(g)(1) required knowledge of that status at his plea hearing, sentencing hearing, or on direct appeal. So, his claim is procedurally defaulted, and he has failed to show that any of the exceptions to the procedural default rule apply in his case.

### *Cause and Actual Prejudice*

Under the cause and actual prejudice exception to the procedural default rule, the "novelty of a claim may be cause to excuse a procedural default." Davis argues novelty as cause to excuse his procedural default because he claims that Eleventh Circuit precedent foreclosed a *Rehaif*-based argument at the time of his plea and sentencing. (Cv. Doc. 9 at 4). But Davis's reliance on novelty as cause to overcome his procedural default fails.

A claim is "truly novel" when "its legal basis [was] not reasonably available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020). The Eleventh Circuit has held that a "*Rehaif* [claim] was not 'truly novel' to excuse procedural default" for

failing to raise the claim on direct appeal. *See United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (citing *Bane*, 948 F.3d at 1296-97). And many district courts within the Eleventh Circuit that have addressed this same issue have held that the legal question decided in *Rehaif* "has been thoroughly and repeatedly litigated in the court of appeals for decades" and does not qualify under the novelty exception as cause to overcome procedural default. *See Jones v. United States*, 2:20-CV-8007-RDP-2, 2022 WL 14890183 at *6 (N.D. Ala. Oct. 26, 2022) (internal quotations and citations omitted); *McGee v. United States*, 2:19-cv-8035-RDP, 2022 WL 2705238 at *3 (N.D. Ala. July 12, 2022); *United States v. Easley*, No. 15-00243-KD-B, 2021 WL 2653252 at *6 (S.D. Ala. June 28, 2021); *Anderson v. United States*, No. 19-24903, 2020 WL 5803327 at *3 (S.D. Fla. Sept. 8, 2020).

And a claim is *not* so novel when counsel chose "not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *Bane*, 948 F.3d at 1297. Even though the Eleventh Circuit had not required the Government to prove that the defendant had knowledge of his prohibited status prior to *Rehaif* and efforts to appeal that issue may have appeared futile, futility does not equal novelty. The building blocks of the *Rehaif* argument were available at the time of Davis's plea and were not so novel to overcome procedural default. So, Davis cannot show cause for his failure to raise his *Rehaif* claim in a direct appeal.

Even if Davis could somehow show cause to excuse his procedural default on this claim, he cannot show *actual prejudice*. To show actual prejudice to overcome procedural default, Davis must show that the "error worked to his 'actual and substantive disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948

F.3d at 1297).  The record in this case contains no evidence of actual prejudice to overcome Davis's procedural default on this claim.

Interestingly, Davis never argues outright that he did *not* know that he was a convicted felon at the time he possessed the firearm but claims that he "did not know [he] was prohibited from possessing a firearm."  But *Rehaif* does not require the Government to prove that Davis knew that he was prohibited from possessing a firearm.  Under *Rehaif*, the Government must prove that Davis, at the time of the offense, knew that he was a convicted felon, i.e., that he had been convicted of a crime punishable by imprisonment for a term greater than one year.  *See Rehaif*, 139 S. Ct. at 2200.  And Davis never argues directly that he did not know at the time of his offense that he had been convicted of a felony.

Instead, he argues that his mental disabilities prevented him from fully understanding the "ramifications of his felon status" and prevented him from "fully understanding the government's obligation to prove that he knew he was in class of people that were prohibited from possessing a firearm."  *See* (Cv. Doc. 9 at 1 & Doc. 10 at 1).  But the record in this case belies Davis's claim.  The court specifically asked Davis at the plea hearing: "Do you have any mental impairment that may affect your ability to understand and respond to my questions?"  Davis responded: "I'm bipolar, but I understand." (Doc. 40 at 4).  And Davis stated throughout the plea hearing that nothing prevented him from understanding the court, his attorney, or the nature of the charges against him.  *See* (Doc. 40 at 16).  A strong presumption exists that statements made by a defendant during his plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Consequently, a defendant bears a "heavy burden to show that his statements under oath were false."  *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citing *United States v. Rogers*, 848 F.2d 166,

168 (11th Cir. 1988)).  So, his claim that he could not fully understand that he was a convicted felon at the time he possessed the firearm contradicts the record in this case.

In fact, the record contains sufficient evidence from which a jury could find that Davis had knowledge of his status as a felon under § 922(g)(1) at the time he possessed the firearm.  The Government's obligation to prove that Davis knew that he was a felon at the time he possessed the firearms is not "burdensome" and "may be inferred from circumstantial evidence."  *See Carlyle*, 836 F. App'x at 783 (citing *Rehaif*, 139 S. Ct. at 2198).  Here, the record contains sufficient evidence to establish that knowledge.

From the beginning of the incident, Davis inferred he knew he was a felon when he possessed the firearm.  Davis's statements to the officers that "he was on parole for First Degree Robbery" and that he did not want to go to jail imply that he knew he was a convicted felon when he possessed the firearm.  His statement to the officers that he purchased the firearm from 18-year-old "Ray Ray" implies that he knew he could not purchase a firearm legally because of his status as a convicted felon.  *See* (Cr. Doc. 8 at 5 and Cr. Doc. 40 at 21).  And Davis's statement to Dr. Nissenbaum's during his psychological evaluation that  "I'm a convicted felon and I'm not supposed to have a gun"  indicates that he knew of his status a felon.  *See* (Sealed Cr. Doc. 13-2).

Davis also stipulated in his plea agreement and admitted under oath at his plea hearing that, at the time he possessed the firearm, he was a felon who had been convicted of "three counts of robbery and one count of shooting into an occupied building."  *See* (Cr. Doc. 8 at 5 and Cr. Doc. 40 at 21-22).  If Davis acknowledged under oath that he had four prior felonies prior to the time he possessed the gun, the logical inference is that Davis *knew* he was a felon.

And the representations of the defendant at the plea hearing, as well as any findings made by the judge accepting the plea, constitute "'a formidable barrier in any subsequent collateral proceedings.'" *See Vanaman v. United States*, No. 16-15452-E, 2017 WL 11684637, at *4 (11th Cir. Sept. 1, 2017)  (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629 (1977)).  So, Davis's admission both in his written plea agreement and under oath at the plea hearing that he had four prior felony convictions at the time he possessed the firearm constitutes strong circumstantial evidence that he *knew* of his status as a felon at the time he possessed the firearm.

Although Davis objected to the PSR and demanded "strict proof" of his prior felony convictions, Davis did into object at the sentencing hearing when the Government introduced into evidence the case action summary sheets showing his three prior Alabama robbery convictions.  And Davis failed to object specifically to the part of the PSR that indicated that he spent almost *nine years in prison* for them prior to his state parole.  *See* (Cr. Doc. 24 at 7-12).  "Most people convicted of a felony know that they are felons." *Innocent*, 977 F.3d at 1082.  Moreover, "someone who has been convicted of felonies *repeatedly* is especially likely to know he is a felon." *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019).  And the fact that Davis spent almost nine years in prison for his prior felonies is compelling circumstantial evidence that he knew at the time he possessed the firearm that he had been convicted of a crime punishable by more than one year in prison.  *See Innocent*, 977 F.3d at 1083 (stating that "serving more than a year in prison provides circumstantial evidence of knowledge of felon status").

So, based on the record in this case, the Government would have had more than enough evidence to show that Davis knew that he was a felon when he possessed the firearm

in this case. Had the court informed Davis during his plea hearing that the Government needed to prove the knowledge-of-status element, the record supports that the Government would have been able to make that showing. And the record "contains no evidence that [Davis] would have decided not to plead guilty in light of that circumstance." *See Carlyle*, 836 F. App'x at 783. So, Davis cannot show that the failure of the Indictment to include the knowledge-of-status element resulted in an actual and substantive disadvantage to him; so, he cannot show actual prejudice to overcome the procedural default.

Based on the record in this case, Davis cannot show either cause or actual prejudice to overcome his procedural default on this issue.

***Miscarriage of Justice or Actual Innocence***

Even though Davis cannot overcome procedural default on the *Rehaif* issue based on cause and actual prejudice, he can overcome procedural default if he can show a "fundamental miscarriage of justice, meaning actual prejudice." *See Yancey v. Warden*, No. 22-11739-F, 2022 WL 17083631 at *1 (11th Cir. Sept. 16, 2022) (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999)). The actual innocence exception is "exceedingly narrow and reserved only for extraordinary cases." *McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011). Actual innocence is "more than mere legal insufficiency; it means factual innocence." McKay, 657 F.3d at 1197. To prove actual innocence of a § 922(g) conviction after *Rehaif*, Davis must show that he had no knowledge that he had been convicted of a felony at the time he possessed a firearm. *See McGee*, 2022 WL 2705238 *4. Davis cannot make this showing.

Davis has failed to demonstrate that he had no knowledge of his status as a felon at

the time he possessed the firearms.  Again, Davis never directly alleges that he did not know that he was a felon at the time he possessed the firearms.  And for the reasons already discussed thoroughly above, the record contains strong circumstantial evidence that Davis knew of his felon status when he possessed the firearms listed in the Indictment.  So, based on the record in this case, Davis cannot show that he is actually innocent to excuse his procedural default.

Because Davis cannot show both cause and actual prejudice or actual innocence to overcome procedural default on his *Rehaif* claim, it fails.

### *No Entitlement to Evidentiary Hearing or Appointment of Counsel*

The court is not required to hold an evidentiary hearing in a § 2255 proceeding "where the files and records of the case conclusively show that the movant is not entitled to relief."  *Diaz v. United States*, 799 F. App'x 685, 690 (11th Cir. 2020) (citing 28 U.S.C. § 2255(b).  For all the reasons explained above, the record belies Davis's *Rehaif* claim, and he has failed to allege any facts that, if true, would entitle him to relief.  So, the court finds that an evidentiary hearing is not warranted in his case.

The court also finds that the interests of justice in this case do not require appointment of counsel.  Davis adequately presented his *Rehaif* claim and arguments to the court, no discovery was needed, and no evidentiary hearing is warranted.  *See* Rules Governing Section 2255 Proceedings, Rule 8(c) (requiring appointment of counsel if necessary for discovery or if an evidentiary hearing is warranted).  So, the court will deny his appointment of counsel.

## III. CONCLUSION

For all the reasons above, Davis's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 lacks merit and no evidentiary hearing or appointment of counsel is warranted. Therefore, the court finds that Davis's motion should be **DENIED**.

The court will enter a separate Final Order.

**DONE** and **ORDERED** this 18th day of April, 2023.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE